**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **EP-10-CR-985-PRM** |
| | § | |
| **JESUS MARIA REYES,** | § | |
| **Defendant.** | § | |

<u>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**</u>

On this day, the Court considered Defendant Jesus Maria Reyes's (Defendant) "Motion to Dismiss and Supporting Memorandum" (Docket No. 18) [hereinafter Def.'s Mot. to Dismiss], filed on May 24, 2010; and the United States of America's (the Government) "Response to Defendant's Motion to Dismiss Indictment" (Docket No. 19) [hereinafter Gov't's Resp.], filed on May 26, 2010, in the above-captioned cause.  In his Motion, Defendant asks the Court to dismiss the one-count Indictment on the ground that the Sex Offender Registration and Notification Act (SORNA) is unconstitutional.  After due consideration, the Court is of the opinion that Defendant's Motion should be denied for the reasons that follow.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On or about February 17, 1999, Defendant was convicted of violations of Article 125 of the Uniform Code of Military Justice (sodomy of a child under the age of 16 years) and Article 134 of the Uniform Code of Military Justice (indecent acts with a child under the age of 16 years) in a military court martial.  Indictment 1 (Docket No. 8).  On May 15, 2005, Defendant registered with the El Paso Police Department's Sex Offender Registration and Tracking Unit.  Criminal Complaint 2 (Docket No. 1).  Defendant signed a Pre-Release Notification Form for the Texas Sex Offender Registration Program (CR-32).  *Id.*

Thereafter, Defendant allegedly failed to register and update his employment information with the El Paso Police Department Sex Offender Registration and Tracking Unit. *Id.* On April 14, 2010, the Grand Jury returned a one-count indictment against Defendant for Failure to Register (Sex Offender) in violation of 18 U.S.C. § 2250. Indictment 1. On May 24, 2010, Defendant filed the instant motion to dismiss the indictment on the ground that SORNA is unconstitutional.

## II. LEGAL STANDARD

A court must dismiss an indictment if it concludes that the statute criminalizing the defendant's alleged conduct is unconstitutional. *See United States v. Willingham*, 310 F.3d 367, 371 (5th Cir. 2002) (affirming district court's denial of motion to dismiss an indictment that challenged the constitutionality of the charged statute). In evaluating the necessity of dismissal of an indictment, a court assumes the truth of the allegations in the indictment under scrutiny. *United States v. Afshari*, 426 F.3d 1150, 1153 (9th Cir. 2005).

## III. ANALYSIS

### A. SORNA: Statutory Background

On July 27, 2006, Congress passed the Adam Walsh Child Protection and Safety Act of 2006 ("Act"). Pub. L. No. 109-248, 120 Stat. 587 (2006). The Sex Offender Registration and Notification Act, or SORNA, found in Title I of the Act, imposes a registration requirement on sex offenders, and criminal penalties for failure to register, in order to "protect the public from sex offenders and offenders against children." 42 U.S.C. § 16901.

SORNA contains a state component as well as an individual component. The state component requires states to implement and maintain a sex offender registry that conforms to

2

certain statutory requirements.  *See* 42 U.S.C. § 16912.  The individual component of SORNA requires convicted sex offenders to register and keep their registration current in any jurisdiction where they reside, work, or attend school.  42 U.S.C. § 16913(a).  It also makes any failure to comply with the registration requirements a federal crime.  18 U.S.C. § 2250.

In addition to requiring sex offenders to register, SORNA allows the Attorney General to determine whether SORNA applies to sex offenders convicted prior to its enactment.  42 U.S.C. § 16913(d).  On February 28, 2007, the Attorney General issued an interim order making SORNA applicable to "all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of [SORNA]."  28 C.F.R. § 72.3.  "SORNA therefore applies to any defendant convicted and required to register [as a sex offender] under state law, regardless of the date of conviction . . . ."  *United States v. LeTourneau*, 534 F. Supp. 2d 718, 720 (S.D. Tex. 2008).

In the instant action, Defendant charges that SORNA, particularly its registration requirement and the criminal penalty associated with it, violates the Due Process Clause of the Fifth Amendment, his fundamental right to travel, the Administrative Procedures Act, the Commerce Clause of the United States Constitution, the Non-Delegation Doctrine, and the Tenth Amendment to the United States Constitution.  Def.'s Mot. to Dismiss 2.  He also argues that the Indictment is facially deficient because it fails to adequately inform him of the nature of the charged offense.  *Id*.  The Court will address these arguments in turn.

**B.  Due Process**

Defendant first argues that SORNA's registration requirements violate his due process rights because: (1) SORNA provides no mechanism to challenge his duty to comply; (2) Texas

has yet to implement SORNA; and (3) Defendant did not receive actual notice of SORNA's

registration requirement.[1]   Def.'s Mot. to Dismiss 4-10.

### 1. Inability to Challenge Imposition of Registration Requirements

By virtue of his convictions in a military court martial, SORNA obligates Defendant to

register as a sex offender and maintain his registration.  In *Connecticut Department of Public*

*Safety v. Doe*, 538 U.S. 1, 6 (2003), the Supreme Court held that it does not violate due process

for a state to mandate sex offender registration, based solely on a conviction for a sexual offense,

and without holding a hearing.  The Court reasoned that due process entitles a convicted sex

offender to nothing more than the ability to defend against that conviction.  *Id.* at 7; *see also Neal*

*v. Shimoda*, 131 F.3d 818, 831 (9th Cir. 1997) ("An inmate who has been convicted of a sex

crime in a prior adversarial setting . . . has received the minimum protections required by due

process.").

Because Defendant neither disputes nor raises any due process challenges to his

convictions, the Court concludes that SORNA comports with due process, even though there is

no mechanism set forth in the statute to challenge its imposition.  *See, e.g.*, *United States v.*

*Ambert*, 561 F.3d 1202, 1208 (11th Cir. 2009) (rejecting a defendant's argument that SORNA

violates his substantive and procedural due process rights by requiring him, as a convicted sex

offender, to register without providing a hearing).

### 2. Texas's Failure to Implement SORNA

Defendant argues that, since his convictions predated SORNA's enactment and because

---

[1] Defendant acknowledges that, following the Fifth Circuit decisions in *United States v. Heth*, 596 F.3d 255 (5th Cir. 2010) and *United States v. Whaley*, 577 F.3d 254 (5th Cir. 2009), the latter two arguments are foreclosed.  Def.'s Mot. to Dismiss 4.

Texas has yet to implement a SORNA-compliant sex offender registry, it was impossible for him to register under SORNA in Texas, thus making the current prosecution contrary to the Due Process Clause's guarantee of fundamental fairness.  Def.'s Mot. to Dismiss 6-8.

The Fifth Circuit, in *Heth*, determined that "nothing in SORNA's statutory scheme indicates that an individual's registration obligations are contingent upon a state's implementation of SORNA's administrative requirements."  *Heth*, 596 F.3d at 259.  The Fifth Circuit went on to conclude, as have several other courts of appeals,[2] that the defendant's due process rights were not violated, because "he was required to register under SORNA regardless of whether SORNA's administrative requirements had been implemented by Colorado or Texas."  *Id.* at 260.  In light of *Heth*, the Court rejects Defendant's argument that Texas's failure to implement SORNA gives rise to a due process violation.

### 3.  Notice of SORNA's Registration Requirements

Defendant next argues that he did not receive actual notice of his obligation to register under SORNA, and relatedly that Texas registration forms did not provide adequate notice.  Def.'s Mot. to Dismiss 8-9.  Thus, Defendant asserts that the instant prosecution for failure to register violates his due process rights.  *Id.* at 9.

In *Whaley*, the Fifth Circuit rejected a similar due process argument.  The court in that case determined that "notice of a duty to register under state law is sufficient to satisfy the due process clause."  *Whaley*, 577 F.3d at 262.  Defendant makes the same argument considered by

---

[2] *See, e.g., United States v. May*, 535 F.3d 912, 919 (8th Cir. 2008), *cert. denied*, 129 S. Ct. 2431 (2009); *United States v. Shenandoah*, 595 F.3d 151, 158 (3rd Cir. 2010); *United States v. Brown*, 586 F.3d 1342, 1349 (11th Cir. 2009); *United States v. George*, 579 F.3d 962, 965 (9th Cir. 2009); *United States v. Gould*, 568 F.3d 459, 465 (4th Cir. 2009); *United States v. Hinckley*, 550 F.3d 926, 939 (10th Cir. 2008).

the *Whaley* court in order to preserve appellate error, admitting that the decision in *Whaley* forecloses his argument.  Def.'s Mot. to Dismiss 4.  The Court finds that, in light of the conclusions in *Whaley*, Defendant's due process argument is without merit.

### C. Right to Travel

In addition to the due process arguments, Defendant also posits that SORNA is unconstitutional because it violates his fundamental right to travel.  Def.'s Mot. to Dismiss 10-13.  Specifically, Defendant argues that § 2250 burdens this fundamental right and that the infringement is not narrowly tailored to a compelling interest.  *Id.*

The Court agrees that the right to travel is a fundamental right.  *See Saenz v. Roe*, 526 U.S. 489, 498 (1999) ("[T]he 'constitutional right to travel from one State to another' is firmly embedded in our jurisprudence.") (quoting *United States v. Guest*, 383 U.S. 745, 757 (1966)); *see also United States v. Klinzing*, 315 F.3d 803, 808 (7th Cir. 2003) ("[T]he right to travel is fundamental and any burden on it is subject to strict scrutiny . . . .").  This right encompasses:

> the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State.

*Saenz*, 526 U.S. at 500.  Additionally, "a classification that [has] the effect of imposing a penalty on the exercise of the right to travel [violates] the Equal Protection Clause 'unless shown to be necessary to promote a *compelling* governmental interest.'"  *Id.* at 499 (internal citations omitted).

As the Government notes, Defendant does not argue that SORNA precludes him from traveling freely in the United States, or that a state treats him unfairly when he is a new or

temporary resident in that state.  Gov't's Resp. 6.  Instead, Defendant argues that SORNA violates his right to travel because it does not require that Defendant travel "in interstate commerce in furtherance of, connection with, or for the purpose of, avoiding registration or any other illegal activity."  Def.'s Mot. to Dismiss 11.  Defendant states that "absent such a nexus," the statute and indictment violate the Constitution.  *Id.*  The question thus becomes whether SORNA, absent a requirement that the travel be in furtherance of, in connection with, or for the purpose of illegal activity, unreasonably burdens Defendant's right to travel.

In *Doe v. Moore*, 410 F.3d 1337 (11th Cir. 2005), the Eleventh Circuit considered a similar issue.  There, appellants, in part, argued that Florida's Sex Offender Act infringed upon their fundamental right to travel because it required that they inform Florida law enforcement personnel whenever they permanently or temporarily changed their residence.  *Id.* at 1348.  In finding that the registration requirement did not violate the appellants' right to travel, the Eleventh Circuit stated:

> Though we recognize this requirement is burdensome, we do not hold it is unreasonable by constitutional standards, especially in light of the reasoning behind such registration.  The state has a strong interest in preventing future sexual offenses and alerting local law enforcement and citizens to the whereabouts of those that could reoffend.  Without such a requirement, sex offenders could legally subvert the purpose of the statute by temporarily traveling to other jurisdictions for long periods of time and committing sex offenses without having to notify law enforcement.  The state has drawn a line for temporary and permanent relocation, and we hold this requirement does not unreasonably burden the Appellants' right to travel.

*Id.* at 1348-49.

In the instant action, the Court similarly finds that SORNA does not unreasonably burden

Defendant's right to travel.[3]  SORNA does not prohibit Defendant from traveling.  Instead, it

merely requires that, upon traveling to a new jurisdiction, Defendant register with the authorities

of that jurisdiction so that they may track his whereabouts.  Just as Florida has a strong interest in

preventing sex offenders from re-offending by having them register, the Government has a strong

interest in preventing future attacks by sex offenders through registration efforts.[4]  Thus, the

Court declines to find that SORNA unreasonably burdens Defendant's right to travel.

### D.  Administrative Procedures Act

Next, Defendant argues that the Attorney General violated the Administrative Procedures

Act (APA), 5 U.S.C. § 533, by enacting 28 C.F.R. § 72.3, the rule making SORNA retroactive,

absent the requisite thirty-day notice and comment period.  Def.'s Mot. to Dismiss 13-15.

The Administrative Procedures Act requires federal agencies to publish notice of

proposed rules in the Federal Register and allow public comment for at least thirty days before

rules become effective.  5 U.S.C. § 533(d).  An agency may bypass this requirement "for good

cause."  *Id.* § 553(b)(3)(B).  Good cause exists when affording notice and soliciting comments is

---

[3] Several courts of appeals have reached the same conclusion.  *See, e.g. Ambert*, 561 F.3d
at 1210 ("The requirement to update a registration under SORNA is undoubtedly burdensome;
however, the government's interest in protecting others from future sexual offenses and
preventing sex offenders from subverting the purpose of the statute is sufficiently weighty to
overcome the burden."); *Shenandoah*, 595 F.3d at 163 ("The essential part of the charged crime
in this matter is the failure to register; [Defendant's] right to travel is incidental to this obligation,
and not constitutionally offended. . . . [T]he burden imposed upon [Defendant] is necessary to
achieve a compelling interest.").

[4] The Court is mindful that *Moore* deals with a state challenge under the Fourteenth
Amendment.  However, even though *Moore* is a Fourteenth Amendment challenge to state
action, the same principles apply to the federal government through the due process clause of the
Fifth Amendment.  *See Woodard v. Marsh*, 658 F.2d 989, 991 n.2 (5th Cir. 1981) ("The due
process clause of the Fifth Amendment has generally been held to make Fourteenth Amendment
equal protection law applicable to the federal government.").

"impracticable, unnecessary, or contrary to the public interest." *Id.* Generally, the good cause exception is "narrowly construed because it is an 'important safety valve to be used where delay would cause real harm.'" *Ctr. for Marine Conservation v. Brown*, 917 F. Supp. 1128, 1153 (S.D. Tex. 1996) (quoting *U.S. Steel Corp. v. EPA*, 595 F.2d 207, 214 (5th Cir. 1978)); *see also Util. Solid Waste Activities Group v. EPA*, 236 F.3d 749, 754 (D.C. Cir. 2001).

When reviewing agency action, a court should set aside findings or conclusions that are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *see also Hayward v. U.S. Dep't of Labor*, 536 F.3d 376, 379 (5th Cir. 2008) (per curiam) ("The arbitrary and capricious standard is 'highly deferential,' and we must afford the agency's decision 'a presumption of regularity.'") (internal citations omitted).

The Attorney General explained the nature of the "good cause" that existed to enact 28 C.F.R. § 72.3 without affording notice or soliciting comments:

> [t]he immediate effectiveness of this rule is necessary to eliminate any possible uncertainty about the applicability of [SORNA]'s requirements . . . . Delay . . . would impede the effective registration of [sex offenders with convictions that predate the enactment of SORNA] and would impair immediate efforts to protect the public from sex offenders who fail to register.

28 C.F.R. § 72.3. The Attorney General's explanation reflects a concern for public safety and the threat of legal uncertainty. Nothing before the Court indicates that this determination is arbitrary, capricious, or an abuse of discretion. Therefore, the Court concludes that the Attorney General demonstrated good cause to bypass the APA's requirements, and no violation occurred. *See Gould*, 568 F.3d at 470 (finding that the Attorney General had good cause to invoke the exception to providing the 30-day notice).

### E. Commerce Clause

Defendant argues that Congress lacked the authority under the Commerce Clause to enact SORNA (the registration as well as the penalty provision) because it "regulate[s] purely intrastate activity" that does not substantially affect interstate commerce. Def.'s Mot. to Dismiss 15. Defendant acknowledges that Fifth Circuit precedent forecloses this argument, but elaborates his views for purposes of preserving the issue on appeal. *Id.* at 15. Indeed, in *Whaley*, the Fifth Circuit conducted an exhaustive analysis and concluded that, in enacting the registration and penalty provisions of SORNA, Congress did not exceed its authority under the Commerce Clause. *Whaley*, 577 F.3d at 258-261; *see also Gould*, 568 F.3d at 470-75. Accordingly, the Court rejects Defendant's argument that the indictment should be dismissed on the ground that SORNA is an unconstitutional exercise of Congressional power under the Commerce Clause.

### F. Non-Delegation Doctrine

Defendant next asserts that "Congress impermissibly delegated the crucial decision as to whether SORNA should be applied retroactively." Def.'s Mot. to Dismiss 21. However, the Fifth Circuit in *Whaley* determined that the "delegation to the Attorney General to determine the retroactive applicability of SORNA is well within the limits of permissible delegation" because SORNA's statement of purpose is an "intelligible principle that guides the Attorney General in exercising his discretion."[5] *Whaley*, 577 F.3d at 264. Thus, the Court finds Defendant's argument premised upon the Non-Delegation Doctrine is without merit.

---

[5] Defendant candidly acknowledges this authority and states that his argument is intended to preserve appellate issues. Def.'s Mot. to Dismiss 21.

### G. Tenth Amendment

Defendant contends that SORNA violates the Tenth Amendment because its registration requirements are "an unconstitutional encroachment of federal power on state sovereignty."[6] Def.'s Mot. to Dismiss 22.

Defendant lacks standing to raise this argument because he is challenging SORNA in his individual capacity. A "private party does not have standing to assert that the federal government is encroaching on state sovereignty in violation of the Tenth Amendment absent the involvement of a state or its instrumentalities." *United States v. Hacker*, 565 F.3d 522, 525-26 (8th Cir. 2009); *see also Shenandoah*, 595 F.3d at 161-62 ("Because [Defendant] is a private party, he lacks standing to raise a Tenth Amendment challenge to SORNA.").

Even assuming Defendant has standing to raise the argument, the argument must fail. The Tenth Amendment prohibits the federal government from commanding state officials to administer or enforce federal statutes or regulations. *Printz v. United States*, 521 U.S. 898, 935 (1997). It is well-settled that Congress may condition the receipt of federal funds upon a state's compliance with a federal statutory scheme. *New York v. United States*, 505 U.S. 144, 167 (1992) (holding that a federal law that required states to accept radioactive waste did not violate the Tenth Amendment because it was conditioned on the Spending Clause).

SORNA offers federal funding to states electing to implement SORNA-compliant sex offender registries. 42 U.S.C. § 16925(d). States with state-created sex offender registries can

---

[6] Defendant suggests that one holding of *Whaley*—that SORNA and its associated penalty provision are valid exercises of Congress' authority under the Commerce Clause—forecloses his Tenth Amendment argument. Def.'s Mot. to Dismiss 22. Defendant nevertheless argues the issue for purposes of appeal. Out of an abundance of caution, the Court will address the merits of the Tenth Amendment argument.

receive federal funding by making their registries SORNA-compliant.  Compliance is neither forced nor mandated.  *See United States v. Gould*, 526 F. Supp. 2d 538, 549 (D. Md. 2007) (noting that "[s]tate officials are not commandeered to implement the SORNA requirements. Rather, states are offered monetary incentives to amend their existing offender registration requirements."), *aff'd*, 568 F.3d 459 (3d Cir. 2009) .

Thus, the Court concludes that SORNA does not commandeer states or state officials, and therefore does not violate the Tenth Amendment.

### H. Sufficiency of the Indictment

Finally, Defendant argues that "[t]he [I]ndictment is fatally defective because [it] fails to inform [him] of what he did to make him guilty of the charge against him."  Def.'s Mot. to Dismiss 24.  An indictment is a "plain, concise and definite written statement of the essential facts constituting the offense charged."  FED. R. CRIM. P. 7(c)(1).  "An indictment is constitutionally sufficient if it enumerates each element of the offense, notifies the defendant of the charges, and provides him with a double jeopardy defense against future prosecutions." *United States v. Gonzales*, 121 F.3d 928, 940-41 (5th Cir. 1997).  "As a general rule, an indictment which alleges an element of the charged offense merely by reciting the words of the applicable statute is valid so long as the indictment alleges each of the requisite elements of the charged offense."  *United States v. Williams*, 679 F.2d 504, 508 (5th Cir. 1982).

The Indictment against Defendant charges:

Beginning on or about April 30, 2008, and continuing until on or about March 25, 2010, in the Western District of Texas and elsewhere, defendant JESUS MARIA REYES, being a person required to register under the Sex Offender Registration and Notification Act by virtue of his conviction on or about February 17, 1999, in a military court-martial, for violations under Article 125 of the Uniform Code of

12

Military Justice (Sodomy of a child under the age of 16 years – 3 counts) and under Article 134 of the Uniform Code of Military Justice (Indecent Acts with a child under the age of 16 years – 3 counts), and having traveled in interstate commerce, did knowingly fail to register and update registration, in violation of Title 18, United States Code, section 2250.

Indictment 1.

Because the Indictment identifies the statute charged and recites its elements, the Court finds that the Indictment adequately informs Defendant of the charge against him. *See United States v. Torres*, 573 F. Supp. 2d 925, 951 (W.D. Tex. 2008) (Cardone, J.) (finding "no defect" in the indictment because "[e]ach element of the crime is sufficiently pled and Defendant is apprised of the essential facts necessary to enable him to prepare his defense against the offense charged); *see also United States v. Caldwell*, 302 F.3d 399, 410-11 (5th Cir. 2002).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Sex Offender Registration and Notification Act survives constitutional scrutiny on each of the grounds alleged by Defendant in support of his motion to dismiss the indictment. Furthermore, the Indictment in this case adequately informs Defendant of the nature of the charged offense. Therefore, the Court will deny Defendant's motion on all grounds.

Accordingly, **IT IS ORDERED** that Defendant Jesus Maria Reyes's "Motion to Dismiss and Supporting Memorandum" (Docket No. 18) is **DENIED**.

**SIGNED** this *22* day of **June, 2010**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

13